UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 9 2004

Michael N. Milby
Clerk of Court

CARLOS PACHECO DEL ANGEL )
v. )
TOM RIDGE, U.S. DEPT OF HOMELAND SECURITY, )
JOHN ASHCROFT, U.S. ATTORNEY GENERAL, and )
THE UNITED STATES OF AMERICA. )
)

B-04-065

**PETITION FOR WRIT OF HABEAS CORPUS**

Carlos Pacheco Del Angel files the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241.

### I. INTRODUCTION

Carlos Del Angel seeks habeas review of the Decision of the Board of Immigration Appeals, dated November 6, 2004. (Exhibit A, herein incorporated by reference). Alternatively, he seeks review of the Immigration Judge's Order dated July 12, 2002. (Petitioner's Exhibit B, incorporated by reference). [1]

### II. JURISDICTION

1. Habeas corpus jurisdiction exists under 28 U.S.C. §2241. Mr. Del Angel is under an administratively final order of deportation, which places significant restrictions on his liberty not shared by the population at large, within the meaning of *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). Should it be necessary, the Court also has habeas jurisdiction over the Immigration Judge's Order of July 12, 2002, pursuant to *U.S. ex rel Marcello v. INS*, 634 F.2d 964, 970-972 (5th Cir.), *cert. denied*, 452 U.S. 917 (1981) (habeas action not barred for failure to seek statutorily available

---

[1] To preserve his rights, a petition for review was filed with the Fifth Circuit, before it was known whether jurisdiction would lie in that Court, or in habeas. *Del Angel v. Ashcroft*, No. 04-61027. Now that counsel has access to the pertinent information, it is clear that jurisdiction lies in this Court, and said petition will be dismissed.

judicial review, absent a finding by the district court that there was a "deliberate by-pass" of such review).[2] He was clearly the victim of the ineffective assistance of his prior counsel, who failed to notice that a crime of violence was only an aggravated felony under 8 U.S.C. §1101(a)(43)(F) if a sentence of one year or more imprisonment was imposed. This failure is particularly ineffective, given that in an early pleading, INS had affirmatively stated that, for this reason, he had not been convicted of an aggravated felony.

## II.  THE PARTIES

2. Petitioner/Plaintiff Carlos Del Angel is a native and citizen of Mexico, who became a temporary resident of the United States on June 18, 1987, and gained permanent resident status on December 1, 1990. (R:65,84). He was placed in removal proceedings on July 6, 2000, as an arriving alien, on the basis of his 1996 plea of no contest to a charge of aggravated assault, a second degree felony, for which he was given deferred adjudication, and placed on probation for two years. He currently lives in La Blanca, Texas, within the jurisdiction of this Court.

3. Respondent/Defendant Tom Ridge is the Director of the Department of Homeland Security, and is sued in his official capacity only.

4. Respondent/Defendant Ashcroft is the United States Attorney General, and is also sued in his official capacity only.

## III.  THE FACTS

5. Carlos Del Angel is a native and citizen of Mexico. He resides in La Blanca, Texas, with his lawful permanent resident wife,

---

[2] *Marcello* was cited with approval for its holding that habeas jurisdiction under 28 U.S.C. §2241 to review deportation orders exists independently of statutory review of such orders in *INS v. St. Cyr, supra,* 121 S.Ct. at 2285.

Irasema Trevino de Del Angel, and their two minor U.S. citizen children, Iris Chantal, and Irasema Del Angel.

6. He was placed in removal proceedings on July 6, 2000, as an arriving alien, on the basis of his 1996 plea of no contest to a charge of aggravated assault, a second degree felony, for which he was given deferred adjudication, and placed on probation for two years. (R:85-86,121-123).

7. On September 6, 2000, prior counsel made a motion to terminate proceedings, on the grounds that the conviction was neither an aggravated felony nor a crime of violence where a sentence of five years or more was imposed. Given that the Government concurred in the motion, the Immigration Judge granted it. The following day, however, the Government filed a motion to reconsider. Petitioner's Exhibit C. Notably, in said motion, the Government made the following (correct) observation, (R:113) (emphasis added):

> Further, Aggravated Assault is clearly a Crime Involving Moral Turpitude, and respondent is removable as charged, **although he would also be eligible to apply for cancellation of removal as the conviction will not constitute an aggravated felony due to the lack of imposition of sentence**.

8. The Judge stayed his September 6, 2000 order until September 28, 2000, to give Mr. Del Angel a chance to respond. As of November 14, 2000, no response had been received, and the Judge granted the motion, reinstating proceedings. [3]

---

[3] Although the Government was correct in its assertion, the fact that prior counsel paid little or no attention to the motion is seen from the fact that he was later unaware that the offense was not an aggravated felony, absent a sentence of imprisonment. With no response from prior counsel, the Judge also did not have to study the motion carefully, and apparently also missed the fact that it stated therein that the offense was not an aggravated felony, because no sentence of imprisonment had been imposed.

9. At the hearing, the Judge found Mr. Del Angel inadmissible under 8 U.S.C. §1182(a)(2)(A)(i)(I), for commission of an offense involving moral turpitude. On February 14, 2001, Mr. Del Angel filed a fee-paid application for relief in the form of cancellation of removal, under 8 U.S.C. §1229b(a). At his next hearing, the question of eligibility was addressed, and the Judge noted that INS had not alleged that the offense was an aggravated felony. The Government was represented by a different attorney than the one who had prepared the motion to reconsider and reinstate removal proceedings. Still, the new attorney acknowledged that no such charge had been laid, and stated, twice, that it was *not* an aggravated felony. So the Judge set a date for a merits hearing.

10. However, on that date, no merits hearing was conducted. Instead, there was an "off the record" discussion, at which the Government was represented by a third attorney. The substance of the discussion was *not* memorialized for the record. Rather, when the transcript resumed, the Judge stated that the case would be continued to a later date, at which time the Court would either issue an oral decision concluding the case, or terminate the case if the conviction had been vacated.

11. On July 12, 2002, the case resumed, with yet another attorney, the fourth, representing the Government, and substitute counsel on behalf of Mr. Del Angel. It was stipulated that Mr. Del Angel met the first two requirements of 8 U.S.C. §1229b(a), in that he was a lawful permanent resident, and had the required period of residence prior to the commission of the offense. The Judge inquired whether he could "point to" anything showing that "as a matter of law" the conviction was not an aggravated felony. Counsel asked for a moment, and the Judge went off the record. When the transcript resumes, substitute counsel simply stated that he had "[n]othing

further," except that he requested a continuance, to allow primary counsel "to be present with full information," because he did not consider that he had "enough information" to proceed. The Judge denied the requested continuance, on the grounds that, *id.*:

> [T]he Court has found that he is subject to being removed as charged and that, as a matter of law, he's not eligible for cancellation because [the offense] is an aggravated felony and, thus, he would not be able to meet the third prong for relief in Section 240A(a).

12. Therefore, the Judge issued his oral decision, ordering Mr. Del Angel removed to Mexico. He asked substitute counsel if he considered that the Court had "made an error [in] the assessment of the facts or the conclusion of law," and received a negative response. Substitute counsel reserved, and filed, an appeal. However, prior counsel did not file a brief in support of the appeal, which was dismissed under 8 C.F.R. §1003.1(d)(2)(i)(E).

13. On November 24, 2003, the Government sent Mr. Del Angel a notice to appear for removal on December 24, 2003.[4] Upon receipt of that notice, Mr. Del Angel contacted prior counsel, who referred him to the undersigned. He came to the offices of the undersigned on Friday, December 5, 2003. In that any petition for review had to be filed by Monday, December 8, 2004, there was little or no time to investigate the case. And in the absence of such investigation, there was no basis for filing a motion to reconsider, which would also have been due, in Falls Church, Virginia, on Monday, December 8, 2004. Consequently, counsel filed a petition for review and commenced an investigation.

---

[4] The notice to report for removal was canceled, once the petition for review was filed. However, now that it has been determined that jurisdiction lies in this Court, in order to forestall deportation, he is filing the instant habeas petition.

14. Said investigation unearthed the fact that the offense was not an aggravated felony, because no sentence of imprisonment had been imposed. Counsel therefore filed a motion to reopen, on the grounds of ineffective assistance. The requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988) were fulfilled, including that of filing a grievance against prior counsel. Once counsel received the record of proceedings, it became clear that jurisdiction in the Fifth Circuit was barred by 8 U.S.C. §1252(a)(2)(C).

### V.   CAUSES OF ACTION IN HABEAS CORPUS

#### A.   THE BIA'S DECISION OF NOVEMBER 6, 2003

The BIA's decision of November 6, 2003 dismissed the appeal for failure to file a brief. Where, as here, the face of the record shows that the Immigration Judge erred in finding that Mr. Del Angel was ineligible for relief, this was error.

#### B.   THE IMMIGRATION JUDGE'S DECISION OF JULY 12, 2002

Although Mr. Del Angel made an unfortunate choice of attorneys, the Immigration Judge is charged with knowledge that a crime of violence is not an aggravated felony under 8 U.S.C. §1101(a)(43)(f), absent a term of imprisonment of at least one year. Particularly since INS had so stated in its initial motion to reconsider the Judge's termination of proceedings, and had reiterated that statement, twice, at a subsequent hearing, it was clear error for the Judge to find it to be an aggravated felony.

It was therefore also error for the Judge to deny the requested continuance, when substitute counsel admitted that he lacked the knowledge necessary to properly represent Mr. Del Angel.

Respectfully Submitted,



Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Rd.
San Benito, TX 78586          Fed. ID:    1178
(956) 421-3226                Texas Bar: 03052800

**VERIFICATION**

I, Lisa S. Brodyaga, certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.

_____

**CERTIFICATE OF SERVICE**

I certify that a courtesy copy of the foregoing, with Exhibit A, was personally delivered to the Office of the United States Attorney, Brownsville, Texas, on April 9, 2004.

_____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CARLOS PACHECO DEL ANGEL | ) |
| v. | ) |
| TOM RIDGE, U.S. DEPT OF HOMELAND SECURITY, JOHN ASHCROFT, U.S. ATTORNEY GENERAL, and THE UNITED STATES OF AMERICA. | ) ) ) ) |

EXHIBIT "A" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS



**U.S. Department of Justice**

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

HLG

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

Pena, L. Aron
600 South Closner,
Edinburg, TX 78539

Office of the District Counsel/HL
P.O. Box 1711
Harlingen, TX 78551

Name: DEL ANGEL, CARLOS PACHECO          A90-345-124

Date of this notice: 11/06/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    HURWITZ, GERALD S.

**U.S. Department of Justice**  
Executive Office for Immigration Review  

Falls Church, Virginia 22041

**Decision of the Board of Immigration Appeals**

---

File: A90-345-124 - HARLINGEN    Date: NOV 0 6 2003

In re: DEL ANGEL, CARLOS PACHECO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pena, L. Aron

ON BEHALF OF DHS: Sean D. Clancy, Assistant District Counsel

ORDER:

PER CURIAM. The appeal is dismissed. The appellant checked Box 6 on the Notice of Appeal (Form EOIR-26) indicating that a separate written brief or statement would be filed in addition to the reasons for appeal accompanying the Notice of Appeal. Block 6 is immediately followed by a clear warning that the appeal may be subject to summary dismissal if the appellant indicates that such a brief or statement will be filed and, "within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure." The appellant was granted the opportunity to submit a brief or statement in support of the appeal. However, the record indicates that the appellant did not properly file a brief or statement within the time set for filing. 8 C.F.R. § 1003.1(d)(2)(i)(E). Accordingly, we find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 1003.1(d)(2)(i)(E).

---
FOR THE BOARD

DEPARTMENT OF JUSTICE  
E.O.I.R.  
IMMIGRATION COURT  
RECEIVED  
2003 NOV 10 A 10:33  
201 E. JACKSON  
HARLINGEN, TEXAS 78550

000002

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**CARLOS PACHECO DEL ANGEL**                            )
                                                        )
**v.**                                                  )
                                                        )
**TOM RIDGE, U.S. DEPT OF HOMELAND SECURITY,**          )
**JOHN ASHCROFT, U.S. ATTORNEY GENERAL, and**           )
**THE UNITED STATES OF AMERICA.**                       )
_____  )

**EXHIBIT "B" IN SUPPORT OF**

**PETITION FOR WRIT OF HABEAS CORPUS**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Harlingen, Texas

File No.: A 90 345 124                                July 12, 2002

In the Matter of            )
                            )
CARLOS PACHECO DELANGEL     )     IN REMOVAL PROCEEDINGS
                            )
        Respondent          )

CHARGE:        Removability, Section 212(a)(2)(A)(i)(I),
               Immigration Nationality Act — convicted of a crime
               involving moral turpitude.

APPLICATIONS:  Section 240A(a)(1), Immigration and Nationality
               Act — cancellation of removal.

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

Mr. John J. Rodriguez, Attorney       Ms. Cheri Jones
600 South Clausner, Second Floor      Assistant District Counsel
Edinburg, Texas 78539                 Immigration Naturalization
                                          Service
                                      Post Office Box 1711
                                      Harlingen, Texas 78551

ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent was placed in removal proceedings on July 6, 2000, with the issuance of a Notice to Appear. See Exhibit No. 1. Assisted by Counsel, the respondent admitted allegations one and two, denied allegations three, four and the charge of removability. The respondent was deemed an arriving alien when he applied for admission to the United States as a returning resident alien on July 6, 2000, at the port of entry, Port Agracio, Texas. The Immigration Naturalization Service presented into evidence group Exhibit No. 3, a compilation of

1                                             AUG 1

documents to show identity and alienage and removability. The Form I-181 establishes identity and alienage and to show that he had immigrated to the United States as alleged. The conviction document, which is part of Exhibit No. 3 and also Exhibit No. 2, one and the same, the Court finds that in fact he has been convicted as alleged in allegation no. 4. The Court finds that the aggravated assault is a crime involving moral turpitude.

The Court finds that the removability has been established with evidence that is clear and convincing.

The respondent has filed an application for cancellation of removal pursuant to Section 240A(a). In order to be eligible for such relief, the respondent must show that he has been lawfully admitted for permanent residence for not less than five years; that he has resided in the United States continuously for seven years, admitted in whatever status; and that he has not been convicted of an aggravated felony. The Immigration and Naturalization Service has stipulated to the five year and seven year requirement. The respondent cannot show that he has not been convicted of an aggravated felony. The conviction that brought him to these proceedings is an aggravated felony, a crime of violence, as such, an aggravated felony, as such, he cannot meet the third prong for the relief that he seeks. Thus, the Court finds that he is statutorily ineligible for the relief that he seeks. The respondent has failed to meet his burden of proof in establishing statutory eligibility.

A 90 345 124                              2                         July 12, 2002

In light of the fact that the respondent has not established statutory eligibility for the relief that he seeks, it is not necessary for the Court to consider the respondent's equities for the purposes of a discretionary evaluation of the case.

The respondent has designated Mexico for removal should that become necessary.

The Court finds that there is no other relief of available for the respondent.

### ORDER

IT IS THE ORDER OF THE COURT that the request for cancellation of removal, pursuant to Section 240A(a) is hereby denied for the reasons hereinabove stated.

IT IS THE ORDER OF THE COURT that the respondent be removed from the United States to his native country of Mexico.

Dated this 12th day of July, year 2002.

_____
DAVID AYALA
Immigration Judge

A 90 345 124                                3                         July 12, 2002

000019