UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JUN 2 1 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CARLOS PACHECO DEL ANGEL §<br>　　Plaintiff　　　　　　　　　§<br>　　　　　　　　　　　　　　§<br>v.　　　　　　　　　　　　　§<br>　　　　　　　　　　　　　　§<br>TOM RIDGE, United States Department of §<br>　　Homeland Security,　　　　§<br>　　JOHN ASHCROFT, United States §<br>　　Attorney General, and THE §<br>　　UNITED STATES OF AMERICA §<br>　　Defendants　　　　　　　　§ | Civil Action B-04-065 |

**UNITED STATES OF AMERICA'S MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT
AND ANSWER
TO
PETITION FOR WRIT OF HABEAS CORPUS**

　　COMES NOW the United States of America, on behalf of TOM RIDGE, United States Department of Homeland Security, JOHN ASHCROFT, United States Attorney General, and THE UNITED STATES OF AMERICA, acting by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and files this *Motion to Dismiss And/or Motion for Summary Judgment and Answer to Plaintiff's Petition for Writ of Habeas Corpus*  In support thereof, the United States alleges the following:

**I.　STATEMENT OF FACTS**

　　Plaintiff Carlos Pacheco Del Angel adjusted his status to that of a temporary resident of the United States on June 18, 1987, and adjusted his status to that of a lawful permanent resident of the

United States on December 1, 1990. On December 19, 1996, Plaintiff was convicted in the 139th Judicial District Court of Hidalgo County, Texas of aggravated assault, a second degree felony. Adjudication of guilt was deferred and he was sentenced to two years community supervision, following a plea of nolo contendere. The offense was committed on March 25, 1996.

On July 6, 2000, Plaintiff attempted to enter the United States as a returning resident alien. Having determined Plaintiff to be an arriving alien inadmissible to the United States, the Government issued him a Notice to Appear on July 6, 2000, charging him as removable under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1182(a)(2)(A)(i)(I) (convicted of a crime involving moral turpitude). An immigration judge ordered his removal on July 12, 2002, finding Plaintiff removable for having been convicted of a crime involving moral turpitude. Further, the immigration judge found Plaintiff ineligible for relief because the offense was an aggravated felony (crime of violence). Plaintiff timely filed an appeal with the Board of Immigration Appeals ("Board").

On November 6, 2003, the Board dismissed Plaintiff's appeal for failing to submit a brief in support thereof. Plaintiff's removal order became administratively final on November 6, 2003. He then filed a petition for review with the Fifth Circuit Court of Appeals ("Fifth Circuit"). Plaintiff filed the instant action on April 9, 2004. On April 26, 2004, Plaintiff moved for leave to withdraw his petition before the Fifth Circuit. The case was dismissed on April 29, 2004.

## II.   STANDARDS OF REVIEW; FED.R.CIV.P. 12(b)(6).

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In assessing a Rule 12(b)(6) motion, the complaint is construed liberally in plaintiff's favor and facts pleaded in the complaint are taken as true. *Shipp v. McMahon*, 234 F.3d

907, 911 (5th Cir. 2000). "The district court may not dismiss a complaint under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Shipp*, 234 F.3d at 911 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957)).

### III.  Standard of Review Fed. R. Civ. P. 56

Rule 56 of the Federal Rules of Civil Procedure mandates that summary judgment be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.; *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (*per curiam*). The moving party bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant who is a defendant may discharge its burden by pointing out an absence of proof on any one of the essential elements of the plaintiff's claim. *Celotex*, 477 U.S. at 325. The moving party, however, need not negate the elements of the nonmovant's case. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322-23. Moreover, disputes over irrelevant facts will not preclude summary judgment. Only material facts - those capable of affecting the outcome under existing law - infringe upon the summary judgment analysis. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also, Hanchey v.*

*Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990) (fact issue must be "outcome determinative"). The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Little,* 37 F.3d at 1075.

### IV. ARGUMENT

Plaintiff was a lawful permanent resident of the United States. An alien lawfully admitted for permanent residence is not regarded as seeking admission to the United States after a brief departure. §101(a)(13)(C) of the Act, 8 U.S.C. §1101(a)(13)(C). However, an alien lawfully admitted for permanent residence is considered seeking admission if he "has committed an offense identified in section 212(a)(2) [1182], unless since such offense the alien has been granted relief under section 212(h) or 240A(a) [1182 or 1229b], ... ." §101(a)(13)(C)(v) of the Act, 8 U.S.C. §1101(a)(13)(C)(v). Plaintiff has been convicted of aggravated assault, a crime involving moral turpitude and is removable for that conviction pursuant to §212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. §1182(a)(2)(A)(i)(I), and no relief has been granted (Plaintiff's *Petition for Writ of Habeas Corpus,* p.5, ¶ 12.)[1]

Plaintiff has filed the instant Petition for Writ of Habeas Corpus to prevent the Government from removing him from the United States. Plaintiff claims the Board erred in dismissing his appeal for failure to file a brief. He further claims that the immigration judge erred in denying Plaintiff's cancellation of removal application and ordering him removed from the United States because he was not convicted of an aggravated felony.

---

[1] The United States hereby incorporates Plaintiffs exhibits "A" and "B." *See Plaintiff's Exhibit "A."*

A.  **Board Did Not Error in Dismissing Plaintiff's Appeal.**

When completing the Notice of Appeal form, the appellant is given the option of whether or not to file a brief in support of the appeal. In this case, Plaintiff indicated he wanted to file a brief. On the Notice of Appeal form, it clearly warns that the appeal may be subject to summary dismissal if, after indicating that the appellant wants to file a brief, "within the time set for filing, [he] fail[s] to file the brief or statement and do[es] not reasonably explain such failure." Plaintiff did not file the brief within the time designated. As a result of that failure, the Board summarily dismissed his appeal. 8 C.F.R. § 1003.1(d)(2)(E).[2]

Plaintiff claims that the Board erred in summarily dismissing his appeal because on "the face of the record" it shows the Immigration judge erred in finding Plaintiff ineligible for relief. Simply, this is not the case. On Block 4 of the Notice of Appeal, which requests a detailed statement of the reasons for the appeal, Plaintiff wrote "[r]espondent was not convicted of a crime involving moral turpitude, nor was he imprisoned for more than one year." Nowhere does it indicate the Immigration judge erred in finding Plaintiff ineligible for relief.

Additionally, Block 4 also has a warning that "failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board." In other words be specific on the Notice of Appeal or file a brief. Plaintiff did not do either, and the Board correctly summarily dismissed the appeal. *Rioja v. Ashcroft*, 317 F3d 514, 515 (5th Circuit, 2003).

B.  **The Immigration Judge Did Not Error in Denying Plaintiff's Cancellation of Removal Application and Ordering His Removal From the United States.**

---

[2] *See Plaintiff's Exhibit "A."*

In order to be eligible for cancellation of removal, a removable alien must demonstrate he has been an alien lawfully admitted for permanent residence for not less than 5 years, has resided in the United States continuously for 7 years legally, and has not been convicted of an aggravated felony. §240A(a) of the Act, 8 U.S.C. §1229b(a). The parties agreed that Plaintiff was an lawful permanent resident for 5 years and had continuously resided in the United States for 7 years. However, the parties did not agree on whether Plaintiff had been convicted of an aggravated felony.

The Act defines an "aggravated felony" as "a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment [sic] at least 1 year."[3] § 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43). A "crime of violence" is defined by 18 U.S.C. § 16 as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In the State of Texas, Aggravated Assault is defined as "[a] person commits an offense if the person commits assault as defined in Section 22.01 and the person (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." *Tex. Penal Code §22.02(a)*. A conviction under Texas Penal Code §22.02 is a felony of the second degree. *Tex. Penal Code. §22.02(b)*. Specifically, Texas Penal Code Ann. §22.01(Assault) states that a person commits the offense of assault if the person, "(1) intentionally, knowingly or recklessly causes bodily injury to another..., (2) intentionally, knowingly

---

[3] A footnote to this statutory provision states: "*Sic.* Section 321(a)(3) of IIRIRA amended subparagraphs (F), (G), (N), and (P) the same and omitted the term 'is' ... ."

or recklessly threatens another with imminent bodily injury...; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative."

In analyzing whether aggravated assault under Texas Penal Code §22.02(a) is a crime of violence, the criminal statute must meet the definition of crime of violence. The analysis of a crime under 18 U.S.C. § 16(a) should focus on the statutory definition of the offense. Arguably, aggravated assault does not contain the words "use, attempted use or threatened use of physical force against a person or property of another" as required by 18 U.S.C. § 16(a). *See generally, Matter of Martin*, 23 I&N Dec. 491 (BIA 2003). However, the Fifth, First and Eighth Circuits have found that by including the element of "bodily injury," a statute necessarily includes the element of "physical force."

In Texas misdemeanor assault is lesser included offense of aggravated assault. Therefore, any discussion of whether aggravated assault is a "crime of violence," pursuant to 18 U.S.C. § 16, must begin with a discussion of the Texas misdemeanor assault statute. The Fifth Circuit examined the elements of a misdemeanor assault in Texas to see if they met the definition of crime of violence. *See United States v. Shelton*, 325 F.3d 553, 557-61 (5th Cir. 2003).[4] In *Shelton* the court held that the only way that bodily injury could be sustained under the Texas misdemeanor assault law was through the application of physical force. *Shelton*, 325 F.3d at 561. The Court distinguished *Shelton* from an earlier ruling in *United States v. Garcia-Cantu*, by holding that a misdemeanor assault in Texas is not

---

[4]The actual conduct of the assault are not relevant, rather the Court looks to the elements set forth in the statute to determine if a crime of violence has occurred. *Shelton*, 325 F.3d at 558, citing *United States v. White*, 258 F.3d 374, 382 (5th Cir. 2001). *Shelton* in turn analyzes *United Sates v. Nason*, 269 F.3d 10 (1st Cir. 2001) and *United States v. Smith*, 171 F3d 617 (8th Cir. 1999). *Shelton*, 325 F.3d at 559.

"result-oriented" in that it lies on an affirmative act on the part of the perpetrator.[5] As cited above, a misdemeanor assault in Texas can be accomplished in three ways and like *Shelton*, it can be accomplished through the intentional, knowing or reckless infliction of bodily injury to another person. *Tex. Penal Code § 22.01(a)(1)*. A misdemeanor assault in Texas can also be accomplished by intentionally, knowingly or recklessly threatening another with imminent bodily injury which, following the logic of *Shelton*, would require the threatened use of physical force. *Tex. Penal Code § 22.01(a)(2)*. Finally, the last method by which a misdemeanor assault can be committed in Texas is, "intentionally or knowingly cause[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." *Tex. Penal Code §22.01(a)(3)*. By its very definition, this third set of elements requires the application of physical force. Regardless of which manner and means is used to accomplish a misdemeanor assault the result is the same, it is a "crime of violence."

Since pursuant to the elements of Texas Penal Code § 22.01, misdemeanor assault is a crime of violence, you must then look to the two additional elements of the Texas aggravated assault statute: "(1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." *Tex. Penal Code §22.02(a)*. As to the first manner and means, "causing serious bodily injury," the statue merely modifies the very words that the *Shelton* Court found sufficient. If the result of "bodily injury" is sufficient for a "crime of violence" then logic would dictate that more serious injury would also necessitate the use of physical force and a finding of a "crime of violence." As for the, "use or exhibit" of a deadly weapon, the use of the

---

[5]In *Garcia-Cantu*, 302 F.3d 308 (5th Cir. 2002), the defendant had committed the offense of injury to a child, which proscribes that an individual can commit the offense of injury to a child by an "omission" instead of an affirmative act.

deadly weapon is the use of physical force, moreover it merely provides specificity to the way in which bodily injury and physical force are carried out. If the perpetrator were to simply exhibit, rather than use the deadly weapon logic would dictate that this would be the, "attempted use, or threatened use of physical force." Therefore, in Texas, aggravated assault like misdemeanor assault meets the definition of "crime of violence" under 18 U.S.C. § 16.

Should the Court not find that aggravated assault is a "crime of violence" under 18 U.S.C. § 16(a) then an analysis under 18 U.S.C. § 16(b) is appropriate to determine if the offense should be labeled as a crime of violence.

The first requirement of subsection (b) is that the offense be a felony. That requirement is met since aggravated assault is a felony offense in Texas.

Section 16(b) of 18 U.S.C. requires that the offense "**by its nature**, involve a **substantial risk** that **physical force** against the person or property of another **may** be used in the course of committing the offense." (emphasis added). The very nature of the crime of aggravated assault infers that there is a substantial risk that physical force may be used against the victim.

The last element that is to be considered is the term of imprisonment. In Texas an aggravated assault is a second degree felony. *Tex. Penal Code § 22.02(b)*. A person convicted of a second degree felony, "shall be punished by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years." *Tex. Penal Code § 12.33*. In the case now before the Court, the Plaintiff admits that he was sentenced to two (2) years deferred adjudication for his aggravated assault (Plaintiff's *Petition for Writ of Habeas Corpus*, p. 2, ¶ 2). The United States Fifth Circuit Court of Appeals has held that, "suspension of sentence... [does] not change the fact that, absent circumstances peculiar to the particular defendant, the crime was 'punishable' by more than a year's imprisonment." *United States v. Rivera-Perez*, 322 F.3d 350, 352 (5th Cir. 2003). As before, the Courts look to the

statute and not the facts of a particular case. Similarly in *Santos v. Reno*, 228 F.3d 591, 597 (5th Cir. 2000) the defendant Santos was sentenced to five (5) years deferred adjudication and since that was more than one year, Santos was found to have committed a "crime of violence." The rule of law is that, so long as a defendant could have been sentenced to more than one year in prison the final element of 18 U.S.C. §16 is met.

## V.   CONCLUSION

Since the Plaintiff failed to submit a brief and pursuant 8 C.F.R. §1003.1(d)(2)(E) (and supporting case law), his appeal to the Board of Immigration Appeals was properly denied. Furthermore, since Plaintiff's deferred adjudication for aggravated assault meets the definition of "crime of violence" and the term of imprisonment which could have been imposed was more than one year, it is an aggravated felony. Having been convicted of an aggravated felony, Plaintiff is ineligible for cancellation of removal. §240A(a)(3) of the Act, 8 U.S.C. §1229b(a)(3). Consequently, the immigration judge did not error in denying his relief application and ordering his removal from the United States.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

STEVEN SCHAMMEL
Assistant United States Attorney
1701 W. Highway 83 #600
McAllen, TX 78550
(956) 618-8010
FAX (956) 618-8016
State Bar No.  24007990
Federal I.D. No.  23180

## CERTIFICATE OF SERVICE

This will certify that a copy of this *United States of America's Motion to Dismiss And/or Motion for Summary Judgment and Answer To Petition for Writ of Habeas Corpus* was served by certified mail, return receipt requested, on the 21st day of June, 2004, to:

Ms. Lisa Brodyaga
Refugio del Rio Grande
17891 Landrum Park Road
San Benito, Texas  78586
*CMRRR #*

STEVEN SCHAMMEL
Assistant United States Attorney