United States District Court
Southern District of Texas
FILED

JUL 1 3 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CARLOS PACHECO DEL ANGEL )
v. )
TOM RIDGE, U.S. DEPT OF HOMELAND SECURITY, ) CA B-04-065
JOHN ASHCROFT, U.S. ATTORNEY GENERAL, and )
THE UNITED STATES OF AMERICA. )
_____)

PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME
IN WHICH TO RESPOND TO MOTION FOR SUMMARY JUDGMENT

Carlos Pacheco Del Angel files the instant unopposed motion for an extension of time, to and including August 27, 2004, in which to respond to the Government's motion for summary judgment, and in support of same, respectfully shows as follows:

This is a case where Petitioner believes that, from inexperience in immigration law, Respondent has taken a completely untenable legal position, to wit, that an offense is a crime of violence under 8 U.S.C. §1101(a)(43)(F), if the person was sentenced to one year or more deferred probation, even though there was no underlying sentence of imprisonment. Petitioner has been in touch with counsel for Respondents about the issue, [1] but he has not yet had the opportunity to fully explore the matter. Rather than expend time in unnecessary pleadings, the parties have agreed to a rather lengthy extension of time for Petitioner's response, in hopes that the parties can settle the case at bar. On July 9, 2004, the undersigned spoke with Mr. Schammel, who stated that he was not opposed to the instant motion.

Respectfully Submitted,

_____

---

[1] See, Exhibit C, copies of faxes sent to Mr. Schammel with excerpts from various cases, showing his error.

Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Rd.
San Benito, TX 78586                Fed. ID:    1178
(956) 421-3226                      Texas Bar: 03052800

## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing, with Exhibit C, was mailed, first-class postage prepaid, to Steven Schammel, AUSA, 1701 W. Bus 83, #600, McAllen, Texas 78501, on July 9, 2004.


_____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CARLOS PACHECO DEL ANGEL ) | |
| v. ) | B-04-065 |
| TOM RIDGE, U.S. DEPT OF HOMELAND SECURITY, ) <br> JOHN ASHCROFT, U.S. ATTORNEY GENERAL, and ) <br> THE UNITED STATES OF AMERICA. ) <br> _____) | |

**EXHIBIT "C" IN SUPPORT OF**

**PETITION FOR WRIT OF HABEAS CORPUS**

*STEVE*

Steven Schammel from Lisa Brodyaga
By fax: 956 618-8016
PLEASE BE CAREFUL. Your sources are leaving you vulnerable to Rule 11 sanctions!

8 U.S.C. §1101(a)(48) ...
      (B) Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

### INS v. St. Cyr, 533 U.S. 289,296, n.4 (2001)

n4 See 8 U.S.C. § 1101(a)(43) (1994 ed. and Supp. V). While the term has always been defined expansively, it was broadened substantially by IIRIRA. For example, as amended by that statute, the term includes all convictions for theft or burglary for which a term of imprisonment of at least one year is imposed (as opposed to five years pre-IIRIRA), compare § 1101(a)(43)(G) (1994 ed., Supp. V) with § 1101(a)(43)(G) (1994 ed.), and all convictions involving fraud or deceit in which the loss to the victim exceeds $ 10,000 (as opposed to $ 200,000 pre-IIRIRA), compare §1101(a)(43)(M)(i) (1994 ed., Supp. V) with § 1101(a)(43)(M)(i) (1994 ed.). **In addition, the term includes any "crime of violence" resulting in a prison sentence of at least one year (as opposed to five years pre-IIRIRA)**, compare 8 U.S.C. § 1101(a)(43)(F) (1994 ed., Supp. V) with § 1101(a)(43)(F) (1994 ed.), and that phrase is itself broadly defined. See 18 U.S.C. § 16 ("An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

### United States v. Calderon-Pena, 339 F.3d 320,323 (5th Cir)

After his release, the Immigration and Naturalization Service ("INS") initiated removal proceedings, asserting that the child endangerment convictions were "crimes of violence" as defined by 18 U.S.C. §§ 16 and resulted in a term of imprisonment of at least one year, rendering them "aggravated felonies" under 8 U.S.C. §§ 1101(a)(43)(F). The immigration judge ("IJ") agreed and found Calderon-Pena deportable on that basis. Calderon-Pena neither appealed the removal order nor pursued administrative remedies; he was deported to Mexico in June 2000.

COMPARE:

### United States v. Ramirez, 367 F.3d 274 (5th Cir. 2004)

Defendant was charged with illegal reentry, to which defendant entered a guilty plea. Defendant's presentence report provided information that defendant had previously assaulted his wife, for which defendant received deferred adjudication probation. ... The trial court did not err in applying a 16-level enhancement for defendant's prior conviction because it was a final conviction for purposes of sentencing. The assault conviction met the definition of a crime of violence and merited a 16-level enhancement. The court noted that the Sentencing Guidelines had no requirement that a minimum sentence be imposed for an offense to constitute a crime of violence.

Steve:

*Steve Schemmel*

**PS. Re**
**Santos v. Reno, 228 F.3d 591 (5th Cir. 2000)**

There was some sloppy language in the decision, which was not addressing the one-year sentence requirement, but the effect of change of characterization by Texas, habeas jurisdiction, etc. And, the fact is that although Santos had originally been granted deferred adjudication, he had violated his probation, and had been sentenced to two years in prison.

Since the issue did not involve whether five years deferred satisfied the one-year sentence requirement, it is inaccurate to say, as you did, that:

> the defendant Santos was sentenced to five (5) years deferred adjudication and since that was more than one year, Santos was found to have committed a "crime of violence."

That was not the holding of the case. At best, it was dicta, but more accurately, it was a misstatement of fact by the Court, which had previously stated (emphasis added):

> Santos, a native and citizen of El Salvador, entered the United States illegally in August 1980. He, however, has been a lawful, permanent resident of the United States since 1987 when he adjusted his status to temporary residency under the amnesty program. On July 22, 1994, Santos pleaded guilty in Texas state court to the offense of burglary of a vehicle committed on or about May 25, 1994, and was sentenced to five years' deferred adjudication of guilt and placed on probation. n1 **In October 1995, Santos violated the terms of his probation and was sentenced to two years' imprisonment.**